UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JASON CAMACHO., on behalf of himself and    :
all others similarly situated,    :      Civil Action No. 1:18-cv-10695-DAB
   :
             Plaintiff,    :
        v.    :
   :
SOUTHERN METHODIST UNIVERSITY    :
   :
            Defendant.    :
   :
   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

---

SEYFARTH SHAW LLP

John W. Egan
jegan@seyfarth.com
Marlin Duro
mduro@seyfarth.com
620 Eighth Avenue
New York, New York 10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

*Attorneys for Defendant Southern*
*Methodist University*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................... 1

FACTS ............................................................................................................... 2

I.    THE COMPLAINT .................................................................................. 2

II.   JURISDICTIONAL FACTS..................................................................... 4

ARGUMENT ...................................................................................................... 4

I.    THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER SMU ............. 4

    A.   The Court Lacks General Personal Jurisdiction Over SMU .................................. 7

    B.   The Court Lacks Specific Personal Jurisdiction Over SMU .................................. 9

        1.   Plaintiff Cannot Establish Personal Jurisdiction Over SMU Based on the Transaction of Business Under CPLR § 302(a)(1) ........................ 10

            (a)   It Is Well Established in this Circuit That Student Recruitment Activities Do Not Confer Personal Jurisdiction........11

            (b)   The Website Does Not Confer Personal Jurisdiction ...................12

            (c)   The Complaint Does Not Make Out a Prima Facie Claim of Specific Personal Jurisdiction Under Section 302(a)(1)...............13

        2.   Plaintiff Cannot Establish Personal Jurisdiction Over SMU Based on the Commission of a Tortious Act Under Either CPLR § 302(a)(2) or (a)(3) .................................................... 14

        3.   Plaintiff Cannot Establish Personal Jurisdiction Over SMU Based on the Ownership, Use or Possession of Real Property in New York Under CPLR § 302(a)(4) ........................................ 15

        4.   The Exercise of Personal Jurisdiction Over SMU Would Violate Due Process.......................................................... 15

CONCLUSION.................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baguer v. Spanish Broad. Sys.*,
No. 04-CV-8393 (KMK), 2007 U.S. Dist. LEXIS 70793 (S.D.N.Y. Sept. 20, 2007) ...................................................................................................................................14

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
305 F.3d 120 (2d Cir. 2002) ...................................................................................................7, 15

*Bauman v. Garfinkle*,
235 A.D.2d 245, 652 N.Y.S.2d 32 (1st Dep't 1997) ...............................................................14

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239 (2d Cir. 2007) ..................................................................................10, 13, 15

*Blakely v. Lew*,
607 F. App'x 15 (2d Cir. 2015) ...............................................................................................10

*Brown v. Lockheed Martin Corp.*,
814 F.3d 619 (2d Cir. 2016) .....................................................................................................9

*Brown v. Web.com Grp., Inc.*,
57 F. Supp. 3d 345 (S.D.N.Y. 2014) ........................................................................................15

*Citigroup Inc. v. City Holding Co.*,
97 F. Supp. 2d 549 (S.D.N.Y. 2000) ........................................................................................12

*Coll. Essay Optimizer, LLC v. Edswell, Inc.*,
No. 14-cv-8586, 2015 U.S. Dist. LEXIS 133488 (S.D.N.Y. Sept. 30, 2015) ..........................5

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ...................................................................................................................7

*DH Servs., LLC v. Positive Impact, Inc.*,
No. 12-cv-6153, 2014 U.S. Dist. LEXIS 14753 (S.D.N.Y. Feb. 5, 2014) ................................5

*Erickson Prods., Inc. v. Atherton Trust*,
No. 12-cv-1693, 2013 U.S. Dist. LEXIS 39576 (S.D.N.Y. Mar. 20, 2013) ......................6, 12

*Estevez v. Consol. Bus Transit, Inc.*,
No. 15-CV-7634 (RA), 2016 U.S. Dist. LEXIS 79766 (S.D.N.Y. June 20, 2016) ...................................................................................................................................14

*Faherty v. Spice Entm't, Inc.*,
No. 04-cv-2826, 2005 U.S. Dist. LEXIS 17976 (S.D.N.Y. Aug. 18, 2005) ..............................5

*Freeplay Music, Inc. v. Cox Radio, Inc.,*
   No. 04-cv-5238, 2005 U.S. Dist. LEXIS 12397 (S.D.N.Y. June 22, 2005) ...........................12

*G31000 N. Am., Inc. v. Paris,*
   No. 14-CV-3885 (VEC), 2014 U.S. Dist. LEXIS 163355 (S.D.N.Y. Nov. 21,
   2014) ..........................................................................................................................................4

*Girl Scouts of the U.S. v. Steir,*
   102 F. App'x 217 (2d Cir. 2004) ...........................................................................................12

*Gucci Am., Inc. v. Bank of China,*
   768 F.3d 122 (2d Cir. 2014)......................................................................................................7

*Jazini v. Nissan Motor Co.,*
   148 F.3d 181 (2d Cir. 1998).......................................................................................................5

*Johnson v. Ward,*
   4 N.Y.3d 516 (2005) ...............................................................................................................10

*Kreutter v. McFadden Oil Corp.,*
   71 N.Y.2d 460 (1988) .............................................................................................................10

*Kurzon v. Thomas M. Cooley Law Sch.,*
   No. 12-cv-8352, 2014 U.S. Dist. LEXIS 85776 (S.D.N.Y. June 24, 2014) ...........................11

*Licci v. Lebanese Can. Bank,*
   20 N.Y.3d 327 (2012) .............................................................................................................13

*McGowan v. Smith,*
   52 N.Y.2d 268 (1981) .............................................................................................................10

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.,*
   84 F.3d 560 (2d Cir. 1996).......................................................................................................15

*Meyer v. Bd. of Regents,*
   No. 13-cv-3128, 2014 U.S. Dist. LEXIS 68510 (S.D.N.Y. May 14, 2014) .............................8

*Overseas Media, Inc. v. Skvortsov,*
   277 F. App'x 92 (2d Cir. 2008) .................................................................................................6

*Perkins v. Benguet Consol. Mining Co.,*
   342 U.S. 437 (1952)...................................................................................................................7

*Philpot v. Kos Media LLC,*
   No. 16-cv-1523, 2017 U.S. Dist. LEXIS 62135 (S.D.N.Y. Apr. 21, 2017) .............................9

*Picciano v. Nassau Co. Civil Serv. Comm'n,*
   290 A.D.2d 164, 736 N.Y.S.2d 55 (2d Dep't 2001) ...............................................................14

*Rivera v. Heyman*,
    157 F.3d 101 (2d Cir. 1998)................................................................................14

*Sae Han Sheet Co. v. Eastman Chem. Corp.*,
    No. 17-cv-2734, 2017 U.S. Dist. LEXIS 173410 (S.D.N.Y. Oct. 18, 2017)............................7

*Saudi v. Marine Atl., Ltd.*,
    306 F. App'x 653 (2d Cir. 2009) .................................................................6

*Skrodzki v. Marcello*,
    810 F. Supp. 2d 501 (E.D.N.Y. 2011) .......................................................5, 10, 15

*Southern New England Tel. Co. v. Global NAPS Inc.*,
    624 F.3d 123 (2d Cir. 2010)....................................................................5

*Spratley v. FCA US LLC*,
    No. 3:17-CV-0062, 2017 U.S. Dist. LEXIS 147492 (N.D.N.Y. Sept. 12, 2017)...................15

*SPV OSUS, Ltd. v. UBS AG*,
    882 F.3d 333 (2d Cir. 2018)....................................................................6

*Stoud v. Tyson Goods, Inc.*,
    91 F. Supp. 3d 381 (E.D.N.Y. 2015) ...........................................................6

*Stutts v. De Dietrich Grp.*,
    465 F. Supp. 2d 156 (E.D.N.Y. 2006) ..........................................................5

*Sullivan v. BH Media Group, Inc.*,
    No. 17 Civ. 8139 (Daniels, J.) ...................................................................7

*Thackurdeen v. Duke Univ.*,
    130 F. Supp. 3d 792 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016) ...................8, 11

*Walden v. Fiore*,
    571 U.S. 277 (2014)..........................................................................16

*Weerahandi v. Am. Statistical Ass'n*,
    No. 14-cv-7688, 2015 U.S. Dist. LEXIS 136425 (S.D.N.Y. Sept. 30, 2015) ........................14

*Weil v. Am. Univ.*,
    No. 07-cv-7748, 2008 U.S. Dist. LEXIS 1727 (S.D.N.Y. Jan. 2, 2008) ............................8

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001).................................................................4, 5

*Zibiz Corp. v. FCN Tech. Sols.*,
    777 F. Supp. 2d 408 (E.D.N.Y. 2011) .........................................................12

**Statutes**

Americans with Disabilities Act ("ADA") ............................................................ *passim*

New York City Human Rights Law ("NYCHRL") .....................................................3, 14

New York State Civil Rights Law ("NYSCRL") .......................................................3

New York State Human Rights Law ("NYSHRL") ....................................................3, 14

Section 504 of the Rehabilitation Act of 1973 ("Section 504") .....................................3

**Other Authorities**

28 C.F.R. § 36.303(c) ...............................................................................11

C.P.L.R. § 301 ......................................................................................6

C.P.L.R. § 301(a)(1) ...............................................................................11

C.P.L.R. § 302 ......................................................................................6

C.P.L.R. § 302(a)(1) ...............................................................................*passim*

C.P.L.R. § 302(a)(2) ...............................................................................9, 14

C.P.L.R. § 302(a)(3) ...............................................................................10, 14

C.P.L.R. § 302(a)(4) ...............................................................................10, 15

Fed. R. Civ. P. 12(b)(2) ............................................................................*passim*

*2017 Website Accessibility Lawsuit Recap*, SEYFARTH SHAW LLP, Jan. 2, 2018,
   https://www.adatitleiii.com/2018/01/2017-website-accessibility-lawsuit-recap-
   a-tough-year-for-businesses/ .....................................................................13

*Number of Federal Website Accessibility Cases Nearly Triple*, SEYFARTH SHAW
   LLP, Jan. 31, 2019, https://www.adatitleiii.com/website-2/ .......................................13

## PRELIMINARY STATEMENT

In this action, Plaintiff claims that Southern Methodist University ("SMU" or the "Defendant") maintains a website, www.smu.edu, (the "Website"), that is not accessible to individuals who are visually impaired under Title III of the Americans with Disabilities Act ("ADA").

This action should be dismissed because the Court lacks personal jurisdiction over SMU. SMU is organized under the laws of Texas and has its principal place of business in Dallas, Texas.  It does not own, operate or possess real property in New York, and does not maintain any bank accounts in New York.  SMU does not target New York over other states where it recruits students, and less than 2 percent of its students are New York residents.  SMU does not operate any educational facilities in New York and does not have faculty members or other representatives who routinely work in New York.  It does not hold volunteer programs in the state, and even its sport teams do not regularly travel to New York to participate in athletic competitions or other University-sanctioned events.  Additionally, the Website at issue in this litigation is not maintained in New York and there are no individuals working or residing in New York who can alter or create any content for the Website.  Plaintiff is not a current student in (or an applicant to) any of SMU's classes, programs, or activities.

Plaintiff has filed at least 98 similar website accessibility lawsuits since January 2017 in this District, including at least 50 actions against institutions of higher learning within two weeks of attending the National Association of College Admissions Counseling ("NACAC") student recruitment fair ("the Fair") at the Jacob Javits Center on November 5, 2018.

The Court should dismiss this action based on the absence of personal jurisdiction under Federal Rule 12(b)(2).  The website content at issue addresses SMU's course and degree offerings, campus location and hours, academic calendars, tuition, financial aid, and other

1

information about the institution.  This is "passive" website content that may be accessed anywhere in the world where there is an internet connection.  SMU's posting of this content in Dallas, Texas falls far short of "purposeful availment" of the New York forum that would permit the Court to exercise personal jurisdiction over SMU consistent with the New York long-arm statute and Due Process.

Plaintiff commenced this and at least 49 nearly identical lawsuits against colleges and universities that allegedly attended the Fair.  Plaintiff did not visit SMU's booth or have any communication with SMU personnel who attended the Fair.  In any event, SMU's attendance at the Fair and any other recruitment activities in New York are insufficient to confer personal jurisdiction in this forum.  It is well established in the Second Circuit that an out-of-state university is not subject to personal jurisdiction in New York, even if its students reside in this forum and the university engages in activities in New York to facilitate the recruitment, admission, and provision of educational services to New York residents as it would to its students in any other jurisdiction where they reside.  Accordingly, the Court should dismiss this action under Federal Rule 12(b)(2).

## FACTS

### I.    THE COMPLAINT

This action concerns the Website, which is owned and operated by SMU. (Complaint ("Compl."), ¶¶ 28-29, 33-34, annexed as Exhibit "A" to the Declaration of John W. Egan dated March 7, 2019 ("Egan Dec.").)  Plaintiff alleges that he is visually impaired and that he attended the Fair on November 5, 2018.  (*Id.* at ¶¶ 30-31.)  Plaintiff did not visit the booth of SMU or at least 18 other colleges and universities that attended the Fair that are subject to nearly identical

lawsuits.[1]  (*See* Declaration of Ryan Cole, dated February 28, 2019, ("Cole Dec."), at ¶ 5.)
Plaintiff claims that SMU is a member of the National Association of College Admissions
Counseling ("NACAC"), and that this non-party sponsored the Fair and engaged in additional
recruitment activities in the state on behalf of its general membership.  (Compl. ¶¶ 13-15, 35-38.)
Plaintiff thereafter commenced this lawsuit against SMU, as well as at least 49 other institutions
of higher learning based on alleged barriers to access on their respective websites.  (*Id.* ¶¶ 33-34;
Declaration of Susan Ryan, dated March 1, 2019, ("Ryan Dec.") at ¶¶ 4-5.)

      Plaintiff alleges that he attempted to access the Website shortly after attending the Fair on
November 5, 2018.  Plaintiff claims, on behalf of himself and others similarly situated, that
certain inaccessible content on the Website violates Title III of the Americans with Disabilities
Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), the New York
State Civil Rights Law ("NYSCRL"), the New York State Human Rights Law ("NYSHRL"),
and New York City Human Rights Law ("NYCHRL").  (Compl., at ¶¶ 65, 71, 75-78, 99-100,
107, 109-112.)

      It is undisputed that SMU is a foreign non-profit corporation that is not incorporated in
New York and does not have its principal place of business in the state.  Specifically, SMU is a

---

[1] Defendants in the following *Camacho* actions are in the process of filing similar motions as SMU and will aver
that Plaintiff did not visit their respective booth at the Fair or otherwise initiate communications of any kind:
*Camacho v. Bennington College Corp.*, Case No.: 1:18-cv-10541-DAB (S.D.N.Y.); *Camacho v. California Institute
of the Arts*, Case No.: 1:18-cv-10575-GBD (S.D.N.Y.); *Camacho v. DeSales University*, Case No.: 1:18-cv-10596-
RA (S.D.N.Y.); *Camacho v. Drexel University*, Case No.: 1:18-cv-10597-LTS-RWL (S.D.N.Y.); *Camacho v.
Emerson College*, Case No.: 1:18-cv-10600-ER (S.D.N.Y.); *Camacho v. Gettysburg College*, Case No.: 1:18-cv-
10822-JPO (S.D.N.Y.); *Camacho v. Lawrence University*, Case No.: 1:18-cv-10850-PGG-RWL (S.D.N.Y.);
*Camacho v. Loyola University New Orleans*, Case No.: 1:18-cv-10816-PAE-HBP (S.D.N.Y.); *Camacho v.
Muhlenberg College*, Case No.: 1:18-cv-10761-GBD (S.D.N.Y.); *Camacho v. Northeastern University*, Case No.:
1:18-cv-10693-ER (S.D.N.Y.); *Camacho v. Oberlin College and Conservatory*, Case No.: 1:18-cv-10814-VEC
(S.D.N.Y.); *Camacho v. Point Park University*, Case No.: 1:18-cv-10887-JGK (S.D.N.Y.); *Camacho v. Rider
University*, Case No.: 1:18-cv-10700-ER (S.D.N.Y.); *Camacho v. Sacred Heart University Inc.*, Case No.: 1:18-cv-
10697-DAB (S.D.N.Y.); *Camacho v. Stevens Inst. Of Tech.*, Case No.: 1:18-10765-DAB (S.D.N.Y.); Cama*cho v.
Stevenson University Inc.*, Case No.: 1:18-cv-10825-RWS (S.D.N.Y.); *Camacho v. The Catholic University of
America*, Case No.: 1:18-cv-10586-PGG (S.D.N.Y.); *Camacho v. Vanderbilt University*, Case No.: 1:18-cv-10694-
KPF (S.D.N.Y.).

non-profit corporation organized under the laws of Texas, and has its principal executive office located in Dallas, Texas.  (*Id.* at ¶¶ 9, 19; Declaration of Chris Regis dated March 6, 2019 ("Regis Dec.") at ¶ 3.)

The gravamen of the Complaint is that the Website provides informational content to prospective students and members of the public throughout the United States that is not sufficiently compatible with screen reader technology for the blind or visually impaired.  The Complaint specifically alleges that the Website "provides consumers with access to an array of services including information about: campus location and hours, curriculum and programs of instruction, academic calendars, course and admission prerequisites, cost of tuition, available financial aid, career services, accreditation, faculty, campus security, transfer credits, textbooks, and other vital information needed by prospective students in order to make informed decisions about the Defendant's school."  (Compl. at ¶¶  20, 28, 33, 34(a), 40.)  The only alleged connection between the Website and New York is the allegation that Plaintiff accessed the Website while present in this forum.  (*Id.* at ¶ 32.)

## II.     JURISDICTIONAL FACTS

The annexed Declaration of Chris Regis and Declaration of Ryan Cole set forth the relevant jurisdictional facts supporting SMU's motion to dismiss.

## ARGUMENT

## I.      THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER SMU

The Court should dismiss this action under Federal Rule 12(b)(2) because the Court does not have personal jurisdiction over SMU.  Plaintiff has the burden of proof once served with a Rule 12(b)(2) motion.  *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001); *G31000 N. Am., Inc. v. Paris*, No. 14-CV-3885 (VEC), 2014 U.S. Dist. LEXIS 163355, at *6-7 (S.D.N.Y. Nov. 21, 2014).  Specifically, Plaintiff must make a specific averment of

facts that, if credited, would be legally sufficient to demonstrate that the Court has

jurisdiction. *Skrodzki v. Marcello,* 810 F. Supp. 2d 501, 507 (E.D.N.Y. 2011).  *See also DH*

*Servs., LLC v. Positive Impact, Inc.*, No. 12-cv-6153, 2014 U.S. Dist. LEXIS 14753, at *6

(S.D.N.Y. Feb. 5, 2014) ("Conclusory allegations will not suffice to meet this burden; plaintiff

must make a 'specific averment' of facts that are 'sufficiently supported.'") (citing *Southern*

*New England Tel. Co. v. Global NAPS Inc.*, 624 F.3d 123, 138 (2d Cir. 2010)).  The plaintiff

must satisfy his burden from the pleadings and affidavits before he can seek jurisdictional

discovery or an evidentiary hearing.  *Whitaker,* 261 F.3d at 208.  *See also Jazini v. Nissan*

*Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998) (affirming denial of jurisdictional discovery

where the plaintiff failed to make out a *prima facie* case); *Stutts v. De Dietrich Grp.*, 465 F.

Supp. 2d 156, 169 (E.D.N.Y. 2006) ("District courts in this circuit routinely reject requests for

jurisdictional discovery where a plaintiff's allegations are insufficient to make out a prima facie

case of jurisdiction.").

New York law applies to this inquiry.  Federal courts adjudicating actions premised

on diversity jurisdiction or federal questions involving statutes, such as the ADA, without their

own jurisdictional provisions, must apply the law of the forum state.  *See Coll. Essay*

*Optimizer, LLC v. Edswell, Inc.*, No. 14-cv-8586, 2015 U.S. Dist. LEXIS 133488, at *7-8

(S.D.N.Y. Sept. 30, 2015) ("In litigation arising under a federal statute that does not contain its

own jurisdictional provision . . . a federal court sitting in New York has personal jurisdiction

over a defendant if (1) New York law confers jurisdiction over that defendant, and (2) the

assertion of personal jurisdiction under New York law would comport with due process.");

*Faherty v. Spice Entm't, Inc.*, No. 04-cv-2826, 2005 U.S. Dist. LEXIS 17976, at *11 (S.D.N.Y.

Aug. 18, 2005) ("In a diversity action, the law of the state in which the district court sits governs personal jurisdiction over a nonresident defendant.").

To assess whether it has personal jurisdiction over SMU, the Court must: (1) evaluate whether there is general or specific personal jurisdiction and, if so; (2) determine whether the exercise of jurisdiction comports with constitutional Due Process.

Under the first part of the inquiry, the Court must determine whether Plaintiff satisfied his burden to show that Defendant was present and doing business under C.P.L.R. § 301, or that Defendant committed acts within the scope of New York's long-arm statute, C.P.L.R. § 302. *See Saudi v. Marine Atl., Ltd.*, 306 F. App'x 653, 654-55 (2d Cir. 2009); *Overseas Media, Inc. v. Skvortsov*, 277 F. App'x 92, 94-96 (2d Cir. 2008). While general personal jurisdiction under C.P.L.R. § 301 permits "a court to hear 'any and all claims against an entity,'" specific jurisdiction under the New York long arm statute, C.P.L.R. § 302, in contrast, "permits adjudicatory authority only over issues that 'aris[e] out of or relat[e] to the [entity's] contacts with the forum.'" *Stoud v. Tyson Goods, Inc.*, 91 F. Supp. 3d 381, 385 (E.D.N.Y. 2015) (internal citations omitted). *See also SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 344 (2d Cir. 2018) ("[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.") (internal quotation marks and citations omitted).

If Plaintiff establishes jurisdiction under New York law, then the Court must determine whether its exercise is "consistent with the requirements of Due Process." *Erickson Prods., Inc. v. Atherton Trust*, No. 12-cv-1693, 2013 U.S. Dist. LEXIS 39576, at *7-8 (S.D.N.Y. Mar. 20, 2013). The due process analysis consists of "two components: the 'minimum contacts' test

and the 'reasonableness' inquiry." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002).

Significantly, this District Court recently dismissed a website accessibility class action under Rule 12(b)(2). In *Sullivan v. BH Media Group, Inc.*, the court rejected the plaintiff's argument that the defendant, a Virginia entity, was subject to personal jurisdiction in New York for allegedly inaccessible website content that was viewable in any jurisdiction where an internet connection exists, *even where the website had New York resident subscribers*. *Sullivan v. BH Media Group, Inc.*, No. 17 Civ. 8139 (Daniels, J.) (emphasis added). (Egan Dec., Exhibit "B" [BH Media Complaint], ¶¶ 15, 16, and Exhibit "C" [Transcript from May 15, 2018 Hearing], at 2:23-25; 20:13-26:22 and Exhibit "D" [Order of Dismissal].) The Court should reach the same result here.

### A.     The Court Lacks General Personal Jurisdiction Over SMU

To assert general personal jurisdiction, a foreign corporation must have contacts that are so "continuous and systematic" that they render the corporation essentially "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014). Absent an "exceptional case," general personal jurisdiction will only exist over a foreign corporation in New York if it is (1) incorporated in the state, or (2) has its principal place of business in New York.[2] *See Id.* at 139 n.19; *Sae Han Sheet Co. v. Eastman Chem. Corp.*, No. 17-cv-2734, 2017 U.S. Dist. LEXIS 173410, at *7 (S.D.N.Y. Oct. 18, 2017) (no personal jurisdiction in New York because defendant was neither incorporated nor had its principal place of business in the state).

---

[2] The Second Circuit has applied *Daimler* to hold that even a foreign corporation that maintains an office in New York does not qualify as an "exceptional case." *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 571 U.S. at 139 n.19). *But see Daimler AG*, 571 U.S. at 139 n.19 (noting "exceptional case" where foreign corporation's president resided in the forum state and maintained business records there, and where key corporate functions were performed from the forum state) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

SMU is neither incorporated in New York, nor has its principal place of business in the state.  (Regis Dec. ¶ 3.)  Plaintiff does not allege otherwise in the Complaint.  (*See* Compl., ¶ 19.)  Under well-established authority from the Second Circuit, SMU is accordingly not subject to general personal jurisdiction in this state.  *See Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 799-800 (S.D.N.Y. 2015) (finding that a "myriad of cases" hold that "national universities are not subject to general jurisdiction outside of their state of incorporation or operation"), *aff'd*, 660 F. App'x 43, 45 (2d Cir. 2016).

SMU does not direct recruitment efforts to New York more than other states where it recruits students.  (Regis Dec. ¶ 11, 15.)  In the 2017-2018 academic year, SMU's Undergraduate Admission Office attended over *828 college fairs* in various cities across *40 states, the District of Columbia, and internationally*.  (Regis Dec. ¶ 11.)  A representative from SMU's Meadows School of the Arts (the "Meadows School") attended the Fair.  (Regis Dec. ¶ 14, Cole Dec. ¶¶ 2-3.)  This school sends a representative to 30-50 recruitment events annually throughout the United States.  (Regis Dec. ¶ 15.)  The Fair is, in fact, the only recruitment event in New York that the Meadows School attends on an annual basis.  (*Id*.)

SMU's attendance at the Fair and similar recruitment activities that SMU may conduct in New York are typical of those of any national, non-domiciliary college or university.  Under well-established authority in this Circuit, these activities will not confer general personal jurisdiction in New York.  *See Meyer v. Bd. of Regents*, No. 13-cv-3128, 2014 U.S. Dist. LEXIS 68510, at *8 (S.D.N.Y. May 14, 2014) (activities of recruiting, soliciting, and receiving contributions nationwide, including from New York residents, are insufficient to confer personal jurisdiction); *Weil v. Am. Univ.*, No. 07-cv-7748, 2008 U.S. Dist. LEXIS 1727, at *12-13 (S.D.N.Y. Jan. 2, 2008) (sporadic social events and other activities common to national

universities, such as soliciting of donations or applications, are not sufficient to establish personal jurisdiction).

Moreover, this is not an "exceptional case " that warrants the exercise of personal jurisdiction over SMU in New York.  It is "well-settled that the operation of a website accessible to New Yorkers . . . does not subject the website operator to general jurisdiction under § 301." *Philpot v. Kos Media LLC*, No. 16-cv-1523, 2017 U.S. Dist. LEXIS 62135, at *15 (S.D.N.Y. Apr. 21, 2017), *report and recommendation adopted,* 2017 U.S. Dist. LEXIS 79229 (S.D.N.Y. May 23, 2017).  Further, SMU does not maintain an office in New York, does not maintain any bank accounts in New York, and not does not own, operate, or lease any real property in New York.  (Regis Dec. ¶¶ 4-6.)  As the Second Circuit has clearly and unambiguously held, "when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (internal citations omitted).  Accordingly, the Court lacks general personal jurisdiction over SMU.

### B.    The Court Lacks Specific Personal Jurisdiction Over SMU

A non-domiciliary defendant is subject to specific personal jurisdiction in New York only if the plaintiff's claims "aris[e]" from one of four (4) specifically enumerated acts under the New York long-arm statute:

(1)  transaction of any business in New York or contracts anywhere to supply goods or services in New York, C.P.L.R. §  302(a)(1);

(2) commission of a tortious act in New York, except as to a cause of action for defamation of character arising from the act, C.P.L.R. §  302(a)(2);

(3) commission of a tortious act outside of New York causing injury to persons or property in New York, if the non-domiciliary:

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce, CPLR 302(a)(3); or

(4) ownership, use, or possession of any real property situated within the New York, CPLR 302(a)(4).

Plaintiff cannot establish specific jurisdiction over SMU on any of these grounds.

### 1.    Plaintiff Cannot Establish Personal Jurisdiction Over SMU Based on the Transaction of Business Under CPLR § 302(a)(1)

To demonstrate specific personal jurisdiction under Section 302(a)(1) of the New York long-arm statute, Plaintiff must show, not only that SMU transacted business in the state, but that his claims arise out of those transactions. *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 466-67 (1988); *Skrodzki*, 810 F. Supp. 2d at 508. The Second Circuit has held that there must be an "articulable nexus, or a substantial relationship" between the plaintiff's claims, on one hand, and the defendant's acts occurring in New York, on the other. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks and citations omitted). *See also Johnson v. Ward,* 4 N.Y.3d 516, 519 (2005) (requiring "substantial relationship" between plaintiff's claims and the New York-based transaction of business for the exercise of jurisdiction under Section 302(a)(1)); *McGowan v. Smith,* 52 N.Y.2d 268, 272 (1981) ("[e]ssential to the maintenance of a suit against a nondomiciliary under . . . [CPLR 302(a)(1)] is the existence of some articulable nexus between the business transacted and the cause of action sued upon"). This rule is intended to discourage forum shopping. *See Blakely v. Lew*, 607 F. App'x 15, 17-18 (2d Cir. 2015) (affirming dismissal where the plaintiff selected New York venue based on "de minimis acts within the Southern District").

Plaintiff is not a student in SMU's campus-based or online degree programs.  (Regis Dec. ¶ 16.)  He claims to have accessed the Website after attending the Fair on November 5, 2018 (where he did not have any personal interactions with Defendant's representatives) and filed the Complaint shortly thereafter on November 16, 2018.[3]  (Compl., ¶ 32.)  The Website content at issue provides information about SMU's academic offerings and related topics.  (*Id.* at ¶¶ 20, 28, 33, 34(a), 40.)  Thus, the only acts allegedly committed by SMU in New York concern its attendance at the Fair and provision of informational content on the Website to one New York resident in November of 2018.  Neither Defendant's attendance at the Fair nor the Website will confer specific personal jurisdiction over Section 302(a)(1), for the reasons discussed below.

> (a)      **It Is Well Established in this Circuit That Student Recruitment Activities Do Not Confer Personal Jurisdiction**

Under well-established decisional authority in this Circuit, attendance at the Fair does not subject Defendant to personal jurisdiction in this forum.  As with alumni events, networking activities, participation in intercollegiate sports, and the many forms of student recruitment common to national institutions of higher learning, participating in events such as the Fair is wholly insufficient for jurisdictional purposes.  *See Thackurdeen*, 130 F. Supp. 3d at 802-03, *aff'd*, 660 F. App'x at 47; *Kurzon v. Thomas M. Cooley Law Sch.*, No. 12-cv-8352, 2014 U.S. Dist. LEXIS 85776, at *18 (S.D.N.Y. June 24, 2014) (no specific jurisdiction under Section 301(a)(1) because plaintiff's claims were "not based on . . . [defendant's] law school recruitment fair participation" in New York).

---

[3] It appears from the Complaint that, rather than take advantage of the opportunity to learn about Defendant by communicating with university personnel in attendance at the Fair, Plaintiff instead filed this and at least 49 other nearly identical lawsuits in a matter of days following the Fair.  These actions are not necessarily consistent with the effective communication requirements of Title III of the ADA.  *See* 28 C.F.R. § 36.303(c) (ADA regulations providing that public accommodations have an obligation to provide "effective communication" to individuals with disabilities, contemplate a dialogue in terms of what type of auxiliary aid or service to provide, and afford places of public accommodation a measure of latitude so long as the communication is effective).

11

**(b)**        **The Website Does Not Confer Personal Jurisdiction**

Operating a website does not confer nationwide personal jurisdiction. *See Girl Scouts of the U.S. v. Steir*, 102 F. App'x 217, 219 (2d Cir. 2004) (summary order) (no specific jurisdiction under Section 301(a)(1) based on "website [] directed at the entire United States").  It is "well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit." *Erickson Prods., Inc.*, 2013 U.S. Dist. LEXIS 39576, at *3.

While certain "interactive" websites may, when considered in connection with purposeful business activities directed at New York that give rise to the plaintiff's claims, be sufficient for specific personal jurisdiction, such is not the case here.  In contrast, what is at issue is simply informational content about Defendant such as, for example, course and degree offerings, campus location and hours, academic calendars, course and admission prerequisites, tuition, and financial aid.  (Compl., at ¶¶ 20, 28, 33, 34(a), 40.)  This content is projected to prospective students (and other visitors) in every state and country in the world.  *See Zibiz Corp. v. FCN Tech. Sols.,* 777 F. Supp. 2d 408, 423 (E.D.N.Y. 2011) ("passive" website content that conveys information to residents of any state in the country fails to show that the website owner "purposefully availed itself" of the privileges of conducting activities in New York).  Accordingly SMU did not purposefully avail itself of this forum by maintaining a national website.  *See Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04-cv-5238, 2005 U.S. Dist. LEXIS 12397, at *20-21 (S.D.N.Y. June 22, 2005) (no personal jurisdiction under Section 302(a)(1) for conveying the same content nationally through the website); *Id.* at *18 (quoting *Citigroup Inc. v. City Holding Co.,* 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000) ("use of the internet has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over the defendant")).

12

**(c)**       **The Complaint Does Not Make Out a *Prima Facie* Claim of Specific Personal Jurisdiction Under Section 302(a)(1)**

SMU's attendance at the Fair and operation of the Website, considered independently or in concert, fall far short of the requirements for making out a *prima facie* jurisdictional claim. During the 2017-2018 academic year, SMU participated in over 828 college fairs in 40 states, the District of Columbia, and in a number of other countries.  (Regis Dec. ¶ 11.)  Moreover, the Website can be accessed anywhere in the world.  That Plaintiff happened to visit the Website while in New York (rather than any other internet-served location) and attend the Fair in New York (as opposed to the hundreds of instances annually where SMU participates in similar events in at least 39 other states) are precisely the type of "coincidental" or "attenuated" contacts that the New York Court of Appeals has expressly rejected as a basis for jurisdiction.[4]  *Licci v. Lebanese Can. Bank*, 20 N.Y.3d 327, 340 (2012).  *See also Best Van Lines, Inc.*, 490 F.3d at 254-55 (holding that donation section of the website does not provide the district court with jurisdiction under Section 302(a)(1) because it is "essentially unrelated to the publication that underlies this lawsuit").

Thus, Plaintiff cannot demonstrate specific personal jurisdiction under Section 302(a)(1).

---

[4] The Court should decline Plaintiff's invitation to sanction forum shopping as it relates to website accessibility claims.  While there were *335* ADA Title III cases alleging inaccessible websites filed in New York federal courts in 2017, this figure *increased to 1,564 in 2018* (representing *nearly 70 percent of all such filings in federal courts nationwide in 2018*).  *2017 Website Accessibility Lawsuit Recap*, SEYFARTH SHAW LLP, Jan. 2, 2018, https://www.adatitleiii.com/2018/01/2017-website-accessibility-lawsuit-recap-a-tough-year-for-businesses/ (last visited Feb. 7. 2019); *Number of Federal Website Accessibility Cases Nearly Triple*, SEYFARTH SHAW LLP, Jan. 31, 2019, https://www.adatitleiii.com/website-2/ (last visited Feb. 7. 2019).  Although New York has apparently become a favored venue for plaintiffs filing these actions, New York's jurisdictional rules, as well as Due Process, require "purposeful availment" of the forum.  It is well-established in this Circuit that foreign non-profit institutions of higher learning cannot be hauled into New York to defend claims based only on general recruitment or educational activities that they perform in New York as well as other states, for the reasons set forth in this memorandum.

2.      **Plaintiff Cannot Establish Personal Jurisdiction Over SMU Based on the Commission of a Tortious Act Under Either CPLR § 302(a)(2) or (a)(3)**

Plaintiff also cannot establish specific jurisdiction under either Section 302(a)(2) or Section 302(a)(3).  Plaintiff alleges that SMU failed to provide internet content that is sufficiently compatible with current screen reader technology, based on his interpretation of the ADA, as well as similar state and city laws providing for disability access.  As none of these discrimination claims arose out of a duty "cognizable at common law[,]" the Complaint does not allege a tort in the first instance.  *Baguer v. Spanish Broad. Sys.*, No. 04-CV-8393 (KMK), 2007 U.S. Dist. LEXIS 70793, at *9-10 (S.D.N.Y. Sept. 20, 2007) (quoting *Picciano v. Nassau Co. Civil Serv. Comm'n*, 290 A.D.2d 164, 736 N.Y.S.2d 55, 60 (2d Dep't 2001)).  *See also Bauman v. Garfinkle*, 235 A.D.2d 245, 652 N.Y.S.2d 32 (1st Dep't 1997) (federal court discrimination claims based on a violation of the Americans with Disabilities Act and the Civil Rights Act are not in tort); *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998) ("discrimination claims under [New York] Human Rights Laws" are not tort claims); *Estevez v. Consol. Bus Transit, Inc.*, No. 15-CV-7634 (RA), 2016 U.S. Dist. LEXIS 79766, at *19 (S.D.N.Y. June 20, 2016) ("alleged violations of federal, state, and city anti-discrimination laws are not torts under New York law") (internal quotation marks and citations omitted).  Thus, Plaintiff has not established the prerequisite of asserting a claim alleging tortious activity as required under both Sections 302(a)(2) and 302(a)(3).  *See Weerahandi v. Am. Statistical Ass'n*, No. 14-cv-7688, 2015 U.S. Dist. LEXIS 136425, at *11-12 (S.D.N.Y. Sept. 30, 2015) (discrimination and retaliation claims under federal law, NYSHRL, and NYCHRL not "torts" claims for purposes of CPLR 302(a)(2) or 302(a)(3)).

Thus, the requirements of 302(a)(2) or (3) cannot be satisfied for specific personal jurisdiction based on tortious conduct in or outside of New York.

3.   **Plaintiff Cannot Establish Personal Jurisdiction Over SMU Based on the Ownership, Use or Possession of Real Property in New York Under CPLR § 302(a)(4)**

SMU also does not own, operate, or possess any real property in New York as required to confer jurisdiction under Section 302(a)(4).  (Regis Dec. ¶ 6.)  Plaintiff does not allege otherwise.  This action does not relate to real property and thus Section 302(a)(4) has no application to the matter at hand.

4.   **The Exercise of Personal Jurisdiction Over SMU Would Violate Due Process**

SMU neither has constitutionally sufficient contacts with New York, nor would the exercise of jurisdiction in the forum be reasonable under the circumstances.  *Bank Brussels Lambert*, 305 F.3d at 124; *Metro. Life Ins. Co. v. Robertson-Ceco Corp*., 84 F.3d 560, 567-68 (2d Cir. 1996).  The "minimum contacts evaluation, overlaps significantly with New York's § 302(a)(1) inquiry into whether a defendant has transacted business in the State."  *Brown v. Web.com Grp., Inc*., 57 F. Supp. 3d 345, 358 (S.D.N.Y. 2014) (internal quotation marks and citations omitted).  As with Section 302(a)(1), courts undertaking the Due Process analysis must evaluate whether a non-domiciliary purposefully avails itself of the forum through its activities, "thus invoking the benefits and protections of its laws." *Skrodzki*, 810 F. Supp. 2d at 508.  *See also Best Van Lines, Inc.*, 490 F.3d at 247 (New York courts apply the constitutional, purposeful availment standard when determining whether jurisdiction exists under Section 302(a)(1)). Moreover, as with the nexus requirement discussed above, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit related conduct must create a substantial connection with the forum state."  *Spratley v. FCA US LLC*, No. 3:17-CV-0062 (MAD/DEP), 2017 U.S. Dist. LEXIS 147492, at \*14 (N.D.N.Y. Sept. 12, 2017) (internal quotation marks and citations omitted).

15

Thus, for the reasons discussed above, SMU's alleged contacts with the forum do not even approach the necessary relationship with this forum to comport with Due Process.  *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (non-domiciliary corporation's relationship with forum, "must arise out of contacts that the 'defendant himself' creates with the forum State" to satisfy Due Process) (internal citations omitted).  Accordingly, the Court should dismiss this action in its entirety under Fed. R. Civ. P. 12(b)(2).

## CONCLUSION

Based on the foregoing, SMU respectfully requests that this Court dismiss all claims for relief set forth in the Complaint *with prejudice* based on the absence of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

Dated: New York, New York
      March 7, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By:   */s/ John W. Egan*

    John W. Egan
    jegan@seyfarth.com
    Marlin Duro
    mduro@seyfarth.com
    620 Eighth Avenue
    New York, New York  10018
    Telephone:  (212) 218-5500
    Facsimile:  (212) 218-5526

    *Attorneys for Defendant*

55494798v.1

16